QUINCE, J.,
concurring in result only.
I concur in the result here because to do otherwise would leave the respondents in the untenable position of having a right with no remedy. It is unmistakably clear to me that a person’s privilege to drive on the highways of this State can only be taken away if he refuses a test of his blood alcohol level and that refusal is incident to a lawful arrest. In other words, a driver’s license cannot lawfully be suspended unless the request to take the test and the refusal are incident to a lawful arrest. In situations, such as the ones before us, where there has been no opportunity to judicially test the lawfulness of the arrest and the hearing officer cannot inquire into that issue, a person’s license will nonetheless be suspended without the critical issue of lawful arrest having ever been determined. Thus, I believe that the driver must have an opportunity to challenge the issue prior to suspension of his license.
However, I cannot concur in the majority’s statutory construction that the hearing officer is statutorily authorized to determine the lawfulness of the arrest. But I acknowledge that there must be a mechanism by which a driver can challenge the lawfulness of the arrest. Without such a method, the statutory scheme would be unconstitutional.